ENTERED
CLERK, U.S. DISTRICT COURT
JUL - 3 2001
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

FILED
CLERK US DISTRICT COURT
JUL - 2 2001
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE GRAHAM,<br><br>Plaintiff,<br><br>vs.<br><br>SISTERS OF PROVIDENCE IN CALIFORNIA; PROVIDENCE HIGH SCHOOL; DAVID NAJAR; and DOES 1 through 20, inclusive,<br><br>Defendants. | CV 01-4429 FMC (CTx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION FOR VIOLATION OF TITLE IX; GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION TO STRIKE** |

This matter is before the Court on Defendants Sisters of Providence in California and Providence High School's ("Defendants") (1) Motion to Dismiss Plaintiff's Second Cause of Action for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, and (2) Motion to Strike portions of Plaintiff's Complaint.

The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7.11. Accordingly, the hearing set for July 2, 2001 is removed from the Court's calendar. After considering the moving and responding papers, the Court issues the following decision:

**I. Background**

Plaintiff attended Providence High School between 1991 and 1995, when

✓ Docketed
✓ Copies / NTC Sent
NO JS - 5 / JS - 6
— JS - 2 / JS - 3
— CLSD

15

Plaintiff was between 14 and 17 years of age. (Comp., ¶ 4) Beginning in 1992, Defendant David Najar ("Najar"), a teacher at the school, allegedly developed inappropriate personal relationships with Plaintiff and other female students. (*Id.* at ¶ 9) In January, 1995, Najar allegedly initiated a sexual relationship with Plaintiff. This relationship continued after Plaintiff graduated in 1995 and through 1998. (*Id.* at ¶ 45) Plaintiff alleges that Defendants were aware of Najar's inappropriate conduct and relationship with Plaintiff, yet did nothing to discipline Najar or protect Plaintiff. (*Id.* at ¶¶ 11, 12)

On April 6, 2001, Plaintiff filed an action in state court alleging: (1) negligence against Defendants, (2) violation of Title IX, 20 U.S.C. § 1681(a) against Defendants; (3) intentional infliction of emotional distress against Najar; and (4) sexual assault and battery, CAL. CODE CIV. PROC. § 340.1(a)(1), against Najar. The action was removed to federal court on May 16, 2001.

On June 7, 2001 Defendants moved to dismiss Plaintiff's Second Cause of Action for Violation of Title IX, claiming it is barred by California's one-year statute of limitations period governing personal injury suits. Also on June 7, 2001, Defendants moved to strike portions of Plaintiff's Complaint.

## II. Motion to Dismiss

Defendants argue that Plaintiff's Title IX claim,[1] brought nearly six years after she graduated from high school, is barred by California's statute of limitations for personal injury actions set forth in CAL. CODE CIV. PROC. § 340(3). Plaintiff, on the other hand, contends that the eight-year statute of limitations for

---

[1] Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 prohibits discrimination on the basis of sex in educational programs receiving federal funding. It provides: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

sexual abuse set forth in CAL. CODE CIV. PROC. § 340.1 controls.

As with other federal civil rights claims such as 42 U.S.C. § 1983 ("Section 1983"), Title IX does not contain its own statute of limitations. Where Congress has failed to identify the applicable statute of limitations for Federal Civil Rights actions, the Court is to "apply the most closely analogous statute of limitations under state law," as long as "the importation of state law will not frustrate or interfere with the implementation of national policies." *Reed v United Transp. Union,* 488 U.S. 319 (1989); *Burnett v. Grattan,* 468 U.S. 42 (1984). In the realm of Civil Rights, however, this practice "bred confusion and inconsistency in the lower courts" because some courts were applying residual personal injury tort limitations while others were applying specialized intentional tort limitations. *See Owens v. Okure,* 488 U.S. 235 (1989). The inconsistent analogies resulted in the unsettling application of multiple statutes of limitations to the same cause of action. *Id.* at 240. "[A] primary goal of statutes of limitations was thereby frustrated." *Id.*

In an effort to restore uniformity, the Supreme Court endorsed the application of the state's general or residual statute of limitations governing personal injury as the appropriate analogy for Civil Rights causes of action because, "[i]n marked contrast to the multiplicity of state intentional tort statute of limitations, every state has one general or residual statute of limitations governing personal injury actions." *Id.* at 245.

The Court concludes that California's one-year statute of limitations for personal injury actions applies to Title IX Civil Rights violations. *See, e.g., Doe v. Petaluma City Sch. Dist.,* 830 F. Supp. 1560 (N.D. Cal. 1993) (holding that Title IX is governed by California's personal injury limitation, C.C.P. § 340(3)); *Taylor v. Regents of Univ. of Cal.,* 993 F.2d 710 (9th Cir. 1993) (applying the one-year personal injury statute of limitations to claims under Title VI, the model for Title IX); *Bougher v. Univ. of Pittsburgh,* 882 F.2d 74 (3rd Cir. 1989) (holding

Pennsylvania's personal injury statute applicable to Title IX claims); *M.H.D. v. Westminster Schools,* 172 F.3d 797 (11th Cir. 1999) (finding Georgia's two-year statute of limitations for personal injury actions, and not the specific five-year statute of limitations for childhood sexual abuse, governed claims under Title IX).

The Court rejects Plaintiff's contention that C.C.P § 340.1 is the most analogous statute of limitations under state law.[2] Because not all Title IX violations involve childhood sexual abuse, applying § 340.1 would open the door to the application of a variety of specialized tort limitations, fostering the exact "confusion" and "inconsistency" the Supreme Court sought to eradicate in *Owens*. Moreover, Title IX is not a sexual abuse law; it is a sexual discrimination law. Whereas Title IX is intended to provide Congress with the authority to monitor the sexual discrimination policies of private education facilities receiving federal funding, § 340.1 is intended to provide victims of childhood sexual abuse more time to become aware of their psychological injuries and still remain eligible to bring suit against their abusers. *See Tietge v. Western Province of the Servites, Inc.,* 55 Cal. App. 4th 382 (1997). The application of § 340.1 is not "suitable to carry the civil and criminal civil rights statutes into effect." *Burnett* 468 U.S. at 47-48.

Plaintiff's Title IX cause of action accrued against Defendants in June, 1995, the year she graduated.[3] Plaintiff's cause of action under Title IX,

---

[2] C.C.P. § 340.1 provides: "In an action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later...."

[3] Plaintiff attained the age of majority (eighteen years) on May 11, 1995, one month prior to her high school graduation. (Comp., ¶ 1)

governed by California's one-year statute of limitations for personal injury claims, became time-barred in June, 1996. Plaintiff did not file suit against Defendants until April 6, 2001. Plaintiff's Second Cause of Action for violation of Title IX is time-barred and, consequently, dismissed.[4]

## III. Motion to Strike

Defendants move to strike Plaintiff's request for punitive damages as to her claims for negligence and violation of Title IX, respectively.[5] Defendant also moves to strike paragraph 18 of the Complaint as improper, irrelevant, and impertinent.

Plaintiff's request for punitive damages under her negligence count fails as a matter of law. Negligence, even gross negligence, is insufficient to support a claim for punitive damages. *See Edaugh v. Rabkin*, 22 Cal. App. 3d 891 (1972). Therefore, Plaintiff's prayer for punitive damages in paragraph 26 of the Complaint is stricken.

Paragraph 18 of the Complaint provides, "At the end of the December 21, 1998, meeting Sister Mary asked Plaintiff if as a result of her relationship with Mr. Najar had she had an abortion. Plaintiff responded "No." Sister Mary responded: "Count your blessings." The language in paragraph 18 is not "redundant, immaterial, impertinent, or scandalous." The request to strike is denied.

---

[4] Since Plaintiff graduated from Providence High School in 1995 and ended her relationship with David Najar in 1998, it is unlikely that her remaining causes of action against Defendants and Najar survive the applicable statutes of limitations.

[5] Because the Court has dismissed Plaintiff's Title IX claim, Defendant's motion to strike Plaintiff's request for punitive damages as to that claim is moot.

## IV. Conclusion

Defendant's Motion to Dismiss Plaintiff's Second Cause of Action for violation of Title IX is granted. Defendant's Motion to Strike Plaintiff's claim for punitive damages as to her negligence cause of action is granted. Defendant's motion to strike paragraph 18 of the Complaint is denied.

IT IS SO ORDERED.

July 2, 2001

Florence-Marie Cooper

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT