FILED
CLERK US DISTRICT COURT
AUG 21 2001
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE GRAHAM,<br><br>Plaintiff(s),<br><br>vs.<br><br>SISTERS OF PROVIDENCE IN CALIFORNIA, et al.,<br><br>Defendant(s). | CV 01-4429 FMC (CTx)<br><br>**ORDER FOR JURY TRIAL**<br><br>1. Establishing a Discovery Cut-Off Date of April 1, 2002, for non-expert discovery; May 1, 2002, for expert discovery; May 15, 2002, for expert disclosure.<br>2. Establishing a Cut-Off Date for Joining Parties or Amending Pleadings of June 17, 2002<br>3. Establishing a Motion Cut-Off Date of June 17, 2002<br>4. Setting the Final Pre-Trial Conference for July 15, 2002, at 9:00 a.m.<br>5. Setting August 13, 2002, at 9:00 a.m. as the Trial Date<br>6. Re: Preparation for Jury Trial |

<u>SCHEDULING</u>:

1. <u>In General</u>. The Court has established a cut-off date for joining parties or amending pleadings. All motions to join other parties or to amend the pleadings shall be filed and served on, or prior to, the cut-off date. All motions to join other parties or to amend the pleadings shall be noticed for hearing. All unserved parties are subject to dismissal at the time of the Pre-Trial Conference pursuant to Local Rule 9.9.1.

2. <u>Discovery Cut-Off</u>. The Court has established a cut-off date for discovery in this action. All discovery is to be completed on, or prior to, the cut-off date. Accordingly, the following discovery schedule shall apply to this Court.

A. <u>Depositions</u>. All depositions shall be scheduled to commence

ENTERED ON ICMS
AUG 22 2001
CV

20

at least five (5) working days prior to the discovery cut-off date. All original depositions to be used in trial shall be lodged with the Courtroom Deputy on the day of trial.

B. Discovery Motions. Any motion respecting the inadequacy of responses to discovery must have been heard by the discovery cut-off date. Counsel are expected to strictly comply with all local rules and the Federal Rules of Civil Procedure concerning discovery. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. The Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California in July of 1995.

LAW AND MOTION:

1. The Court has ordered the above cut-off date for the hearing of motions in this action. All motions must be noticed so that the hearing takes place on or before the motion cut-off date. Counsel is to provide chambers with conformed courtesy copies of any reply documents.

2. If oral argument is not required, counsel will be advised the week before the hearing date. If oral argument is to be heard, the Court will make every effort to serve by fax a tentative ruling or an outline of issues on which argument should concentrate in advance of the hearing date. Please include your fax number on all pleadings.

FINAL PRE-TRIAL CONFERENCE:

This case has been placed on calendar for a Final Pre-Trial Conference pursuant to Fed.R.Civ.P. 16 and Local Rule 9. Unless excused for good cause, each party appearing in this action shall be represented at the Final Pre-Trial Conference by the attorney who is to have charge of the conduct of the trial on behalf of such party. Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits,

stipulations as to undisputed facts, and qualification of experts by admitted resumes.

STRICT COMPLIANCE WITH THE REQUIREMENT OF LOCAL RULE 9 IS REQUIRED BY THE COURT. Therefore, carefully prepared Memoranda of Contentions of Fact and Law, Witness List, Exhibit List, and a proposed Final Pre-Trial Order shall be submitted in accordance with the Rules, and the form of the proposed Final Pre-Trial Order shall be in conformity with the format set forth in the Appendix A to the Local Rules.

The Memoranda of Contentions of Fact and Law are due twenty-one (21) days before the Final Pre-Trial Conference, and the proposed Final Pre-Trial Order is to be lodged seven (7) days before the Final Pre-Trial Conference.

SETTLEMENT PROCEDURES:

A settlement procedure is required in every case pursuant to Local Rule 23. The Court will normally be guided by counsel's agreement as to what procedure is appropriate for this case and when the optimum time for that procedure is. Counsel are responsible for seeing that the settlement procedures are conducted well before the Final Pre-Trial Conference. Not to the exclusion of other procedures, the following are available:

(1) a settlement conference before the district judge or magistrate judge assigned to the case; however, the undersigned shall not participate in settlement of a case to be tried without a jury;

(2) a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel;

(3) the employment (at the parties' expense) of a private judge, a mediator, or arbitrator; or

(4) with the consent of the undersigned, the parties shall appear before a district judge or magistrate judge selected at random from the Civil Settlement Panel.

TRIAL PREPARATION FOR JURY TRIAL - MOTIONS, INSTRUCTIONS AND EXHIBITS:

THE COURT ORDERS that all counsel comply with the following in their preparation for trial:

1. MOTIONS IN LIMINE

All motions in limine must be filed and fully briefed and noticed to be heard at the Final Pre-Trial Conference. The Court will rule on all motions in limine at the Final Pre-Trial Conference.

2. JURY INSTRUCTIONS/SPECIAL VERDICT FORMS

Thirty-five (35) days before trial, plaintiff shall serve plaintiff's proposed jury instructions and special verdict forms on defendant. Twenty-eight (28) days before trial, defendant shall serve on plaintiff defendant's objections to plaintiff's instructions together with any additional instructions defendant intends to offer. Twenty-one (21) days before trial, counsel are ordered to meet and confer to attempt to come to agreement on the proposed jury instructions.

Seven (7) days before trial, counsel shall file with the Court a JOINT set of jury instructions on which there is agreement.

Reference to the instructions in the *Manual of Model Jury Instructions for the Ninth Circuit* or the *California Book of Approved Jury Instructions Civil* shall be by number only. The Court requests only a list of those numbered instructions which the Court has accessible on its computer. Do not provide written copies of those instructions.

Defendant's counsel has the burden of preparing the joint set of jury instructions. At the same time each party shall file its proposed jury instructions which are objected to by any other party, accompanied by points and authorities in support of those instructions and in support of any objections.

The Court prefers the use of the *Manual of Model Jury Instructions for the Ninth Circuit* or applicable *BAJI* instructions as modified and supplemented to fit the

circumstances of this case. With respect to the parties' special instructions, each requested instruction shall be set forth in full; be on a separate page; be numbered; cover only one subject or principle of law; not repeat principles of law contained in any other requested instruction.

During the trial and before argument, the Court will meet with counsel and settle the instructions. **Failure of counsel to strictly follow the provisions of this section may subject the non-complying party and/or its attorney to sanctions and constitute a waiver of jury trial.**

3. TRIAL EXHIBITS

Counsel are to prepare their exhibits for presentation at the trial by placing them in binders which are indexed by exhibit number with tabs or dividers on the right side. Counsel shall submit to the Court an original and one copy of the binders. The exhibits shall be in a three-ring binder labeled on the spine portion of the binder as to the volume number and contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Local Rule 8.5.

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the first day of trial:

a. The original exhibits with the Court's exhibit tags, yellow tags for plaintiff and blue tags for defendant, shall be stapled to the front of the exhibit on the upper right-hand corner with the case number, case name, and exhibit number placed on each tag.

b. One bench book with a copy of each exhibit tabbed with numbers as described above for use by the Court. (Court's exhibit tags not necessary.)

c. Three (3) copies of exhibit lists.

d. Three (3) copies of witness lists in the order in which the witnesses may be called to testify.

In jury cases where a significant number of exhibits are to be admitted, the Court encourages counsel, preferably by agreement, to consider ways in which

testimony about exhibits may be made intelligible to the jury while it is being presented. Counsel may consider such devices as overhead projectors, jury notebooks for admitted exhibits, or blow-ups of important exhibits. The Central District has Elmo equipment which may be available for your use during trial. Call the Courtroom Deputy if you wish to reserve it. Do not plan to pass exhibits up and down the jury box while court is in session.

All counsel are to meet not later than ten (10) days before trial and to stipulate, so far as is possible, to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of the trial. The exhibits to be so received will be noted on the extra copies of the exhibit lists.

4. <u>JOINT STATEMENT OF THE CASE</u>

On the first day of trial, counsel are to provide the Courtroom Deputy Clerk with a joint statement of the case to be read by the Court to the prospective panel of jurors prior to the commencement of the jury trial. Counsel are ordered to meet and agree to this 1-2 page joint statement of the case five (5) days prior to the trial date.

<u>JURY TRIAL</u>:

After the initial day of trial, trial days are Tuesday through Friday from 8:00 a.m. to 1:30 p.m. with two fifteen-minute breaks, normally at 10:00 a.m. and 12:00 p.m. On the first day of trial, the Court will commence at 9:00 a.m. and conclude at 4:00 p.m. with the standard lunch break.

The Clerk is ordered to serve a copy of this Order personally <u>or</u> by mail on counsel for all parties to this action

DATED this 21st day of August 2001.

Florence-Marie Cooper

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaintiff(s),<br>vs.<br>Defendant(s). | CV FMC( x)<br>**EXHIBIT LIST**<br>*SAMPLE FORMAT* |

| EXH. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaintiff(s),<br>vs.<br>Defendant(s). | CV FMC( x)<br><br>**WITNESS LIST**<br><br>*SAMPLE FORMAT* |

| WITNESSES FOR PLAINTIFF | DATES OF TESTIMONY |
|---|---|
| | |
| | |
| | (to be filled in during trial) |
| | |
| | |
| | |
| WITNESSES FOR DEFENDANT | |
| | |
| | |
| | |
| | |
| | |
| | |