Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

FILED
CLERK US DISTRICT COURT
OCT 26 2001
10-26-01
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE GRAHAM, Plaintiff(s), vs. SISTERS OF PROVIDENCE IN CALIFORNIA HIGH SCHOOL; DAVID NAJAR, and DOES 1 through 20, Inclusive, Defendant(s). | CV-01-4429 FMC (CTX) ORDER REMANDING THE MATTER TO STATE COURT |

ENTERED
CLERK, U.S. DISTRICT COURT
ENTERED
OCT 26 2001
10-26-01
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

This matter is before the Court on the Court's Order to Show Cause why the Plaintiff's lawsuit should not be remanded to the Superior Court of the State of California, County of Orange. The Court has considered the arguments raised in the briefs that the Parties have submitted, and the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7.11.

For the following reasons, the Court hereby ORDERS that this matter be remanded to state court.

✓ Docketed
✓ Copies / NTC Sent
✓ JS - 5 / JS - 6
JS - 2 / JS - 3
CLSD

scan

30

## I. Introduction

Plaintiff alleges that Defendant David Najar ("Najar") abused his position as teacher at Defendant Providence High School ("Providence") in order develop inappropriate relationships with Plaintiff and fellow female students. (Comp. ¶ 11) Furthermore, Plaintiff claims that Defendants Sisters of Providence and Providence were well aware of Najar's inappropriate conduct and relationship with Plaintiff, yet did nothing to discipline Najar or protect Plaintiff. (Comp. ¶¶ 11-12).

Beginning in 1992, while Plaintiff was a student at Providence, Najar allegedly initiated inappropriate sexual advances toward Plaintiff. (Comp. ¶ 9) Plaintiff claims that Najar's conduct caused her much confusion about their relationship. This relationship ultimately developed into a sexual one in January 1995, four months before Plaintiff reached the age of eighteen, and continued through July 1998. (Comp. ¶¶ 1, 10, 45) Plaintiff has brought suit against Najar for intentional infliction of emotional distress and sexual assault and battery.

Plaintiff has further alleged that Defendants Sisters of Providence and Providence had actual and constructive knowledge of Najar's unethical conduct, failed to provide adequate supervision or safeguards, and therefore fostered a hostile environment toward female students. (Comp. ¶ 30) Based upon these allegations, Plaintiff brought suit against Defendants Sisters of Providence and Providence for negligence and violations of 20 U.S.C. § 1681(a) ("Title IX").

On July 2, 2001, this Court granted the Motion of Defendants Sisters of Providence and Providence to dismiss Plaintiff's Title IX claim against them. Because only state law causes of action remained to be adjudicated, the Court requested that the Parties file briefs regarding

whether this matter should be remanded back to state court.[1]

## II. Standard of Review

When a district court has exercised supplemental jurisdiction over state law claims, it "may retain jurisdiction [over the state law claims] even if the federal claims over which it had original jurisdiction are dismissed." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995). The decision to retain jurisdiction or remand the state law claims back to state court is within the district court's discretion. *See id.* In deciding whether or not to retain jurisdiction, the court may weigh "factors such as economy, convenience, fairness, and comity." *Id.*

## III. Discussion

In their briefs, the parties disagree about whether judicial economy, convenience and fairness argue in favor of this Court's retaining jurisdiction over this matter or remanding it to state court. The Court finds the arguments of Plaintiff more persuasive. The Court agrees that deference should be given to Plaintiff's choice of forum. Additionally, very little judicial time has been devoted to this case, the Court's sole involvement being the motion to dismiss the Federal claim. Finally, considerations of comity weigh strongly in favor of remand, as only state law causes of action remain.[2] Under these circumstances, the state

---

[1]Defendants have correctly pointed out that the Plaintiffs submitted a supplemental reply brief that was unauthorized. Because Plaintiff's brief was unauthorized, the Court has not read it.

[2]Defendants Sisters of Providence and Providence note that only Plaintiff's negligence claim

court should be the one to interpret and apply the state law to Plaintiff's remaining claims.

## IV. Conclusion

The Court hereby orders that this matter be remanded to the Superior Court of the State of California, County of Orange.

IT IS SO ORDERED.

October 25, 2001

FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

---

remains against them. But in addition to that single negligence claim against them, there also remain two state law causes of action against Defendant Najar (for intentional infliction of emotional distress and assault and battery).

SCAN